IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | No. 17-518-5 |
| TYREE JOHNSON | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                    **January 29, 2021**

Defendant Tyree Johnson, who is currently serving a 108-month sentence, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Johnson seeks a reduction of his sentence to time served asserting the coronavirus disease 2019 (COVID-19) pandemic combined with his chronic medical conditions, which he contends places him at an increased risk of harm from the virus, are extraordinary and compelling reasons for his release. The Government opposes the motion because it contends Johnson does not suffer from a high-risk condition warranting his release, he is a danger to the community, and the relevant sentencing factors weigh against release. Because Johnson does not present extraordinary and compelling reasons and the relevant sentencing factors weigh against release, the Court will deny his motion.

**BACKGROUND**

On January 29, 2019, Johnson pleaded guilty to three counts arising out of his participation in a conspiracy to distribute crack cocaine in West Philadelphia. He pleaded guilty to one count of conspiracy to distribute 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846, and two counts of distributing drugs or maintaining a drug house in a protected location, in violation of 21 U.S.C. § 860(a). The Court subsequently sentenced Johnson to 108 months' imprisonment followed by six years of supervised release pursuant to a Federal Rule of Criminal

Procedure 11(c) plea agreement. Johnson is serving his sentence at Federal Correctional Institution (FCI) Allenwood Low in Allenwood, Pennsylvania. His anticipated release date is June 20, 2024.

Due to COVID-19, a novel and highly contagious respiratory virus, the United States (and the world) has confronted a rapidly changing public health crisis that has reached the scale of a global pandemic. The virus commonly causes fever, coughing, and shortness of breath, amongst a wide range of other symptoms. Some populations, including the elderly and immunocompromised, are at a higher risk of developing serious complications upon exposure to the virus. The CDC has identified people of any age who have serious underlying medical conditions as those who are also at a higher risk for severe illness. High risk underlying medical conditions include cancer, chronic kidney disease, serious heart conditions, obesity, diabetes, sickle cell disease, and immunocompromised conditions from cancer treatment, smoking, or bone marrow and organ transplantation.

In response to the COVID-19 pandemic, the BOP has implemented several protocols to protect the health and safety of the inmates, staff, and general public from the spread of the virus. The BOP's efforts include quarantining new inmates at the facility until they are cleared, screening inmates by health services prior to placement, suspending visits, and significantly decreasing the traffic of individuals entering the facilities. *See BOP Implementing Modified Operations*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020).

Due to the ongoing pandemic, Johnson submitted a request for compassionate release to the warden of FCI Allenwood on April 8, 2020. He requested release based on his chronic health conditions including Hepatitis C, high blood pressure, and tuberculosis. On May 1, 2020, the warden denied Johnson's request because his medical concerns were not debilitating. Johnson,

represented by counsel, then filed the instant motion for compassionate release on June 17, 2020. He is currently 45 years old.

The Government opposes Johnson's motion arguing he does not present an extraordinary and compelling reason for release and he is a danger to the community. The Court held a teleconference with the parties on July 14, 2020.

**DISCUSSION**

The Court will deny Johnson's motion because he does not present an extraordinary and compelling reason for his release and he is a danger to the community. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment on the defendant's motion after the defendant has exhausted his administrative remedies. In relevant part, § 3582(c)(1) provides that a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress, however, did not define the term "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 18 U.S.C. § 944(t). Rather, Congress delegated the authority to define "extraordinary and compelling reasons" to the U.S. Sentencing Commission.

Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines:

> [A]fter considering the factors set forth in 18 U.S.C. § 3553(a)," that—

>  (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
>  (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (3) the reduction is consistent with this policy statement.

Application Note 1 to § 1B1.13 enumerates three specific reasons that qualify as "extraordinary and compelling" based on the medical condition, age, or family circumstances of the defendant. U.S.S.G. § 1B1.13 n.1(A)–(C). Application Note 1 further provides a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D).

To grant Johnson's motion, the Court must find that (1) extraordinary and compelling reasons warrant the reduction, (2) he is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant the reduction.[1] Because Johnson's chronic medical conditions are well controlled at FCI Allenwood and are not high-risk factors for COVID-19, the Court is not persuaded he presents extraordinary and compelling reasons for his release. The Court also finds the relevant sentencing factors weigh against release at this time. The Court will thus deny his motion.

As an initial matter, the only applicable extraordinary and compelling reason here is Application Note 1(D)'s catch-all provision.[2] Johnson argues extraordinary and compelling

---

[1] The Court must also find the reduction is otherwise consistent with the policy statement.

[2] Interpreting Application Note 1 in light of recent amendments to the compassionate release statute, a majority of the district courts that have considered the issue have concluded that a *court* (not just the BOP) may independently determine whether extraordinary and compelling reasons, other than the reasons listed in the policy statement, exist in a particular case. *See United States v. Rodriguez*, 451 F. Supp. 3d 392, 397–98 (E.D. Pa. 2020) (collecting cases). At the time the application note was drafted, only the Director of the BOP could move for compassionate release

reasons exist for his release due to the COVID-19 pandemic and him being a high-risk individual vulnerable to COVID-19 because of his chronic medical conditions. The Government argues Johnson does not present any basis for compassionate release because the general threat of COVID-19 is not a basis for release and his medical conditions do not make him high-risk for severe illness due to COVID-19.

The COVID-19 pandemic and Johnson's medical conditions do not rise to the level of extraordinary and compelling reasons justifying his release. First, Johnson's generalized concern regarding COVID-19 and the BOP's efforts to contain the virus are insufficient to justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). As for Johnson's medical conditions, even in light of the COVID-19 pandemic, they do not present extraordinary and compelling reasons for his release either. The Center for Disease Control (CDC) lists the medical conditions that are high risk for severe illness from COVID-19. Although Johnson has chronic

---

on an inmate's behalf. In December 2018, however, "the First Step Act amended § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release, removing the BOP's exclusive 'gatekeeper' role." *Id.* at 396. The Sentencing Commission has not updated the policy statement to account for this statutory change, and the policy statement is clearly outdated in some respects, as it continues to track the former statutory language permitting a court to reduce a term of imprisonment only "[u]pon motion of the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 & cmt. n.4. Given the changes to the statute, numerous courts have found the policy statement "does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." *Rodriguez*, 451 F. Supp. 3d at 397 (alteration in original) (citation omitted) (collecting cases). A minority of courts have found otherwise. *See id.* at 398 (collecting cases). Assuming the Court has the authority to find extraordinary and compelling circumstances under the catch-all provision, the Court does not find such circumstances here. Therefore, the Court need not decide this issue.

medical conditions like tuberculosis and Hepatitis C, those conditions are not listed as high-risk conditions by the CDC. The Court also notes the conditions are well-controlled under the BOP's care and Johnson's medical records show he is receiving adequate care. And although Johnson has high blood pressure, that condition is only listed as one that "might" increase one's risk of severe illness from COVID-19. Further, the CDC only categorizes heart conditions such as heart failure, coronary artery disease, or cardiomyopathies, as high-risk conditions. Johnson does not allege any such condition here.

Without more, Johnson's well-controlled medical conditions and the COVID-19 pandemic are not extraordinary and compelling reasons for his release at this time. *See United States v. Rodriguez*, 468 F. Supp. 3d 681, 686 (E.D. Pa. 2020) (finding defendant's medical conditions, including a heart condition, hepatitis B, and tuberculosis, combined with the COVID-19 pandemic did not rise to extraordinary and compelling reasons for release).

The relevant sentencing factors also weigh against Johnson's release. The applicable factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . [and]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a). Granting compassionate release in this case would require the Court to reduce Johnson's 108-month sentence to approximately 38 months—a 65% reduction.

In contrast to many of the cases in which courts have granted compassionate release during the COVID-19 pandemic, Johnson has served only a third of his sentence to date. *See United States v. Rodriguez*, 451 F. Supp. 3d 392, 405 (E.D. Pa. 2020) (granting compassionate release to a defendant who had served 17 years of a 20-year sentence and was one year away from eligibility for home confinement); *United States v. Bogdanoff*, No. 12-190-1, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020) (noting defendant who had served only seven years of his 18-year sentence had a "much different" case for compassionate release than "others where defendants are at the end of their sentence"). In sentencing Johnson only 20 months ago, the Court considered each of the § 3553(a) factors and found they supported a sentence of 108 months, as agreed to pursuant to Rule 11(c). It is difficult to see how the same factors that justified a 108-month sentence a year and a half ago justify a 38-month sentence today. *See United States v. Roberts*, No. 18-528-5, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) (noting the court would be "hard pressed to conclude that, whereas the Section 3553(a) factors justified a forty-eight-month sentence only a month ago, the same factors suddenly justify a time-served sentence today").

Nevertheless, upon considering the relevant factors again, the Court finds they weigh against a sentence reduction to time served. Johnson has a significant criminal history and even engaged in the conduct underlying the charges in this case while he was under court supervision for a prior felony drug conviction. Although Johnson's conduct in this case was nonviolent, his crimes were extraordinarily serious, involving the distribution of crack cocaine over several years on and near a playground. In imposing his sentence, the Court found a significant period of incarceration was required not only in light of the seriousness of the drug distribution offenses in this case but also to promote respect for the law and send a strong message of deterrence. Reducing the 108-month sentence imposed to 38 months would undermine these goals. *See United States v.*

*Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) (holding that in considering the § 3553(a) factors, a court "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence"); *United States v. Walter*, No. 18-834-6, 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) (declining to convert a defendant's sentence "to one of home confinement, when he ha[d] served just 17 months of a 62-month term of incarceration," where doing so "would disserve [several] important § 3553(a) factors"). As a result, the Court finds the relevant sentencing factors weigh against reducing Johnson's sentence.

**CONCLUSION**

In sum, Johnson does not present extraordinary and compelling reasons warranting his release and the relevant sentencing factors weigh against his release at this time. The Court will thus deny his motion for compassionate release pursuant to § 3582(C)(1)(A).

An appropriate order follows.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.